Brian P. Cadigan (CA SBN 300833)
bcadigan@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2800
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Timothy R. Carwinski (*Admitted Pro Hac Vice*)
tcarwinski@reedsmith.com
REED SMITH LLP
10 South Wacker Drive 40th Floor
Chicago, IL 60606
Telephone: 312-207-6549
Facsimile: 312-207-6400

*Attorneys for Defendant Open Road Delivery Holdings, Inc. d/b/a Amuse.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MOISES SERRANO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

OPEN ROAD DELIVERY HOLDINGS, INC., D/B/A AMUSE, ET AL.,

Defendants.

Case No. 2:22-cv-07245-SB-AS

**OPEN ROAD DELIVERY HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS MOISES SERRANO'S FIRST AMENDED CLASS ACTION COMPLAINT IN PART**

DATE: April 21, 2023
TIME: 8:30 am
CTRM: 6C

Compl. Served: October 25, 2022

Honorable Stanley Blumenfeld, Jr.;
Magistrate Judge Alka Sagar

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PLEASE TAKE NOTICE** that on **April 21, 2023**, at 8:30 a.m., in Courtroom 6C of the U.S. Courthouse at 350 West 1st Street, Los Angeles, California 90012, or any subsequent date and time that this Court finds suitable, Defendant Open Road Delivery Holdings, Inc., d/b/a Amuse ("Amuse") will and hereby does move this Court to issue an order, pursuant to Rule 12 of the Federal Rules of Civil Procedure, dismissing Causes of Action One and Two of Plaintiff's Amended Class Action Complaint against Amuse pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

Amuse moves to dismiss the first two Causes of Action of Plaintiff's Amended Complaint on two grounds. First, these Causes of Action are based on Serrano's allegation that an "automatic telephone dialing system" (ATDS) was used to send him text messages, but this allegation is squarely foreclosed by the recent Ninth Circuit's binding decision in *Borden v. eFinancial, LLC*, 53 F.4th 1230 (9th Cir. 2022), which held that an ATDS must randomly or sequentially generate the telephone numbers that are dialed—which Serrano does not and cannot allege happened in this case. Second, these Causes of Action are based on Serrano's allegation that the text messages constituted an "artificial voice," but the uniform consensus of courts to consider the issue—including this Court—holds that text messages, unlike telephone calls, do not have a "voice" and thus cannot constitute an "artificial voice."

Amuse's motion to dismiss in part is based upon this notice and motion, the accompanying memorandum of points and authorities, the operative complaint, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this motion.

This Motion is made following conference with counsel for Plaintiff on March 9, 2023, by video, pursuant to Local Rule 7-3 and Section 6(a) of this Court's Standing Order. Notwithstanding these conferences with counsel, the parties were unable to resolve the issues raised by this Motion.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DATED: March 16, 2023

REED SMITH LLP

By: */s/ Timothy R. Carwinski*
Timothy R. Carwinski

Attorney for Defendant Open Road Delivery Holdings, Inc., d/b/a Amuse.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. INTRODUCTION

Plaintiff Moises Serrano's second attempt at pleading a viable claim under the Telephone Consumer Protection Act (the "TCPA") suffers from as many fatal flaws as his first, and this Court should therefore dismiss Counts I and II of his Amended Complaint with prejudice. As with his original Complaint, Plaintiff's Amended Complaint – filed following Defendant Open Road Delivery Holdings, Inc. d/b/a Amuse ("Amuse")'s Motion to Compel Arbitration, or in the Alternative, Dismiss – does not allege any facts amounting to a claim for relief. The two claims which Amuse moves to dismiss are based on two key allegations: (1) that Amuse utilized an "automatic telephone dialing system" ("ATDS") to send text messages to Serrano; and (2) that Amuse's text messages constituted an "artificial voice." But both allegations fail as a matter of law. First, binding recent Ninth Circuit precedent holds that a texting system is not an ATDS where it only uses a random or sequential number generator to pull a previously stored telephone number. Serrano's description of the alleged functionality, features, and operation of Amuse's system is the same as those that the Ninth Circuit rejected; thus, accepting this as true, his claims fail as a matter of law. Second, text messages are not sent using any voice—artificial or otherwise—and so cannot form the basis of an artificial voice claim. This Court should follow the uniform consensus of courts which have considered this theory and reject it.

## II. BACKGROUND

### A. <u>Procedural History</u>

Serrano filed his original Complaint on October 4, 2022. (Dkt 1) In this Complaint, he brought four causes of action based on texts he received from Amuse: the first two for negligent and knowing/willful violations of 47 U.S.C. § 227(b), and the latter two for negligent and knowing/willful violations of 47 U.S.C. § 227(c). (Dkt 1 at 13-15) He purported to represent three classes of individuals in his suit. (Dkt 1 at 8 [¶ 38]) His first two causes of action are based on his allegations that Amuse utilized

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

an ATDS to send the text messages at issue and that the text messages contain an artificial and prerecorded "voice." (Dkt 1 at 6-7 [¶¶ 23-27]).

Following Serrano's First Complaint, Amuse filed a Motion to Compel, or in the alternative, Dismiss Counts I and II. In that motion, Amuse argued that notwithstanding the fact that Serrano agreed to arbitrate his claims, both Counts I and II fail to state a claim for relief because (1) Serrano did not allege Amuse used a generator to produce or store telephone numbers and (2) Amuse's messaging system did not constitute an "artificial or prerecorded voice." Concurrent with his Opposition to Amuse's Motion to Compel Arbitration, Serrano responded by filing an Amended Complaint, which mooted Amuse's prior Motion to Dismiss. (Dkt 24)

**B. <u>The Amended Complaint</u>**

According to Serrano's Amended Complaint, he received a text message from Amuse on August 28, 2020. (Dkt 24 at 3 [¶ 15]) He alleges that Amuse's texting platform "uses an algorithm whereby a random or sequential number generator . . . selects which number to dial from the stored list of numbers . . . . [It] is used to both store the numbers, and to produce the stored numbers from the list . . . ." (Dkt 24 at 5 [¶ 26]) Serrano asserts that the alleged automated dialer uses a random number generator to sort a database of consumer contact information to be accessed by the dialer platform. (Dkt 24 at 6 [¶ 32]) "The program will then store the telephone number," and a random or sequential number generator "accesses the telephone numbers from storage." (Dkt 24 at 6 [¶ 32]). The random or sequential number generator then provides the dialing system a stored phone number, and the system dials the number. (Dkt 24 at 6 [¶ 32]).

Serrano's Amended Complaint brings four similar causes of action based on the texts he allegedly received from Amuse. Counts I and II are for negligent/willful violations of § 227(b), and Counts III and IV are for negligent/willful violations of § 227(c). (Dkt 24 at 13-15) He purports to represent three classes of individuals in his

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

suit. (Dkt 1 at 8 [¶ 38]) His first two causes of action are based on his allegations that Amuse utilized an ATDS to send the text messages at issue and that the text messages contain an "artificial voice." (Dkt 24 at 6-7 [¶¶ 23-27]).

## III. STANDARD OF LAW

"Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief." *Montgomery v. Allianz Life Ins. Co. of N. Am.*, No. SA CV 22-01116-DOC-ADS, 2022 U.S. Dist. LEXIS 209165, at *3 (C.D. Cal. Nov. 16, 2022). The court assumes the truth of the plaintiff's factual allegations, but not its legal conclusions. *Id.* "A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts 'to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories.'" *Roy Kavin, Inc. v. Fed. Ins. Co.*, No. 2:21-cv-06085-FLA (ASx), 2022 U.S. Dist. LEXIS 200145, at *3 (C.D. Cal. Oct. 31, 2022) (quoting *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016)).

## IV. ARGUMENT

This Court should dismiss the First and Second Causes of Action of Serrano's Amended Complaint. These causes of action—alleging negligent and knowing/willful violations of 47 U.S.C. § 227(b), respectively—fail as a matter of law for two reasons. First, Serrano's allegation of a TCPA violation based on Amuse's usage of an ATDS fails because he fails to allege that his telephone number was generated using a random or sequential number generator, as binding Ninth Circuit requires. Second, Serrano's allegation of a TCPA violation based on Amuse's usage of an "artificial voice" fails because a text message does not have a "voice," and Serrano's argument to the contrary has been rejected by this Court and others as "beyond the bounds of common sense." *Eggleston v. Reward Zone USA LLC*, No. 2:20-cv-01027-SVW-KS, 2022 U.S. Dist. LEXIS 20928, at *11 (C.D. Cal. Jan. 28, 2022). Because both causes

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of action fail as a matter of law, they should be dismissed under Fed. R. Civ. P. 12(b)(6).

**A. No ATDS was used in this case.**

Section 227(b) prohibits certain calls made "using any automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A). Serrano's causes of action are based on the allegation that the text messages were sent using an ATDS because "a random or sequential number generator is used to both store the numbers and to produce the stored numbers . . . to the dialing platform itself." (Dkt. 24 at 5 [¶ 26])

Neither Serrano's First Complaint nor his Amended Complaint allege that Amuse's texting system generates the telephone numbers that receive text messages. Rather, on his second try stating a plausible claim, Serrano alleges that a random number generator is used to determine the order of which consumer-provided phone numbers are stored and dialed. (Dkt 24 at 5, 6 [¶ ¶ 26, 32]) But this does not state a claim. In a series of published, precedential opinions released in November and December 2022, the Ninth Circuit rejected Serrano's ATDS theory.

In *Borden v. eFinancial, LLC*, 53 F.4th 1230 (9th Cir. 2022), the court rejected the notion that an ATDS "must merely generate some random or sequential number … (for example, to figure out the order to call a list of phone numbers)," instead holding that "an 'automatic telephone dialing system' must generate and dial random or sequential *telephone* numbers under the TCPA's plain text." *Id.* at 1231 (emphasis in original). The Court rejected the theory that "[u]sing a random or sequential number generator to select from a pool of customer-provided phone numbers"—the only conduct Serrano alleges Amuse engaged in—constituted use of an autodialer. *Id.* at 1235. *Borden* is binding precedent and requires dismissal of Serrano's causes of action that rely on his theory that Amuse utilized an ATDS despite never alleging Amuse generated random or sequential telephone numbers. *See also Meier v. Allied Interstate LLC*, No. 20-55286, 2022 U.S. App. LEXIS 1413, *2 (9th Cir. Jan. 19,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2022) (reaching a similar conclusion); *Beal v. Outfield Brew House, LLC*, 29 F.4th 391 (8th Cir. 2022) (holding that a system could not be an ATDS "[b]ecause [the platform] does not generate phone numbers to be called").

*Brickman v. United States* confirms that *Borden* requires dismissal of Serrano's TCPA claims. 56 F.4th 688, 690 (9th Cir. 2022) ("*Borden* resolves the sole issue in this case"), *reh'g denied* No. 21-16785, 2023 U.S. App. LEXIS 4854 (9th Cir. Feb. 28, 2023). Applying *Borden*, the Ninth Circuit confirmed that a system cannot constitute an ATDS when it is only alleged the system used a random or sequential number generator solely "to determine the order in which phone numbers are stored and dialed." *Id.* Thus, where there are no allegations that a system "actually generate the consumer's phone numbers," but rather "consumers provided them directly," *Borden* forecloses the possibility of any TCPA liability. *Id. Borden* and *Brickman* therefore are dispositive of Serrano's claims.

**B. No "artificial voice" was used in this case.**

Section 227(b) also prohibits certain calls made "using … an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). Serrano invokes this provision in arguing that the text messages he received violated the TCPA. However, no "artificial voice" could have been used in these communications for a simple reason: they were text messages.

Unlike phone calls, text messages do not have a "voice"—defined as "sound produced by vertebrates by means of lungs, larynx, or syrinx." Merriam-Webster Online Dictionary, "voice," www.merriam-webster.com/dictionary/voice. Serrano nevertheless alleges that a "voice" was used here because "voice" can be used metaphorically to mean "an instrument or medium of expression" (as in, for example, "the party became the *voice* of the workers," *id.*), and thus a text message is an "artificial voice." (Dkt 24 at 6-7 [¶ 37]) This assertion is facially absurd. In fact, this Court recently termed this exact argument "simply beyond the bounds of common

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

sense."[1] *Eggleston*, No. 2:20-cv-01027-SVW-KS, 2022 U.S. Dist. LEXIS 20928 at *11.

In *Eggleston*, this Court considered Serrano's claim—that text messages use an "artificial voice"—and criticized it as relying on "selective dictionary definitions," including that "'voice' means 'an instrument or medium of expression.'" *Id.*; *see also* 3d. Am. Compl., *Eggleston v. Reward Zone LLC*, No. 2:20-cv-01027-SVW-KS, (Nov. 17, 2021), ECF 33. Terming this argument "beyond the bounds of common sense," this Court explained that Serrano's definition "is only the tertiary definition of 'voice' … which has an almost metaphorical or symbolic connotation," in contrast to the "primary definition" provided above. *Id.* at *11-12. Thus, Serrano's interpretation "conflicts with a primary principle of statutory interpretation — that words in a statute should generally be given their most natural understanding unless circumstances suggest otherwise." *Id.* at *12. After all, "[t]he most natural, commonplace understanding of 'voice' is the sound produced by one's vocal system," and "it is not plausible that Congress intended the word 'voice' in the TCPA to carry the tertiary, metaphorical meaning that Plaintiff suggests … especially since if Congress *had* intended to adopt Plaintiff's broad meaning, it could have easily chosen clearer, more literal terms to do so." *Id.* This Court found it "[t]elling[]" that no case had ever interpreted "voice" in the TCPA in such a "strained" manner. *Id.* at *12-13. Finally, this Court noted that Serrano's interpretation "would lead to absurd results;" for example, any individual who copy and pastes a text message to her friends would, under this interpretation, be liable under the TCPA. *Id.* at *13. Indeed, Serrano's

[1] Serrano's Amended Complaint is devoid of any allegations that Amuse used a prerecorded voice. (*See generally* Dkt 24) This does not change the analysis. No court has ever accepted, and all courts have uniformly rejected, Serrano's core argument that a text message is a voice. *See, e.g.*, *DeMesa v. Treasure Island, LLC*, No. 2:18-cv-02007-JAD-NJK, 2022 U.S. Dist. LEXIS 98511, at *7 (D. Nev. June 1, 2022) ("[T]ext messages don't have voices; no court has held that they do."); *Eggleston*, No. 2:20-cv-01027-SVW-KS, 2022 U.S. Dist. LEXIS 20928, at *11.

proposed definition of "artificial" as "human-contrived: MAN-MADE," (Dkt 24 at 7 [¶ 35]) renders any text message sent by a person a TCPA violation.

Other courts, within this circuit and outside it, agree. As one court in this circuit recently explained, there is "no authority for [the] contention that a text message has a 'voice,' let alone an artificial or prerecorded one." *DeMesa v. Treasure Island, LLC*, No. 2:18-cv-02007-JAD-NJK, 2022 U.S. Dist. LEXIS 98511, at *7 (D. Nev. June 1, 2022). Furthermore, "the Ninth Circuit's differentiation between voice and text calls militates toward a narrower definition of 'voice'—one that confirms that 'voice' and 'text' are mutually exclusive under the TCPA." *Id.* at *8; *see also Risher v. Adecco Inc.*, No. 19-cv-05602-RS, 2022 U.S. Dist. LEXIS 209676 (N.D. Cal. Nov. 18, 2022) (rejecting the argument that "artificial voice" under the TCPA can reach text messages sent by a chatbot); *Soliman v. Subway Franchisee Adver. Fund Trust, Ltd.*, No. 3:19-cv-592(JAM), 2022 U.S. Dist. LEXIS 126468, at *8 (D. Conn. July 18, 2022) (holding that a "text message with no audio component does not qualify" as a "voice" under the TCPA). § 227 confirms that Congress used "voice" the standard way. *See, e.g.*, *Soliman*, 2022 U.S. Dist. LEXIS 126468 at *8. "The Act defines 'caller identification information' as 'information regarding the origination of[ ] a call made using a voice service or a text message sent using a text messaging service.' If a text message were a type of voice call, this definition would be redundant." *Id.* (citing § 227(e)(8)(A)).

The text of § 227(b)(1) further undercuts Serrano's theory. § 227(b)(1) prohibits a party from "initiat[ing] a telephone call using an artificial or prerecorded voice to deliver a message." Accepting the Ninth Circuit's definition of "telephone call" as to include text messages, this prohibition becomes meaningless if "artificial . . . voice" could be defined as a text message. A text message cannot *use* a text message.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Accordingly, Serrano's causes of action that rely on his theory that Amuse utilized an "artificial voice" in sending text messages fail as a matter of law and should be dismissed.

## V. CONCLUSION

For all of these reasons, this Court should order this matter to arbitration and stay or dismiss this case. In the alternative, this Court should dismiss Causes of Action One and Two of Serrano's Complaint.[2]

DATED: March 16, 2023

REED SMITH LLP

By: */s/ Timothy R. Carwinski*
Timothy R. Carwinski

Attorney for Defendant Open Road Delivery Holdings, Inc., d/b/a Amuse.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

[2] In reliance on this Court's precedent, Defendant has filed this Motion in lieu of an Answer to Plaintiff's Amended Complaint. *See, e.g.*, *Morton v. Twitter, Inc.*, No. CV 20-10434-GW-JEMx, 2021 U.S. Dist. LEXIS 66897, *3 (C.D. Cal. Feb. 19, 2021) ("Under the federal rules, 'if a defendant files a motion pursuant to Rule 12, the time to file an answer is extended. This is true even if the motion addresses only some of the claims in the complaint.'"). Should this Court feel an additional Answer is necessary, Defendant requests an extension of time to file an Answer.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## LOCAL RULE 7-3 CERTIFICATION

Pursuant to Local Rule 7-3 and Section 6(a) of this Court's Civil Standing Order, I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

DATED: March 16, 2023

REED SMITH LLP

By: */s/ Timothy R. Carwinski*
Timothy R. Carwinski

Attorney for Defendant Open Road Delivery Holdings, Inc., d/b/a Amuse