UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES SERRANO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OPEN ROAD DELIVERY HOLDINGS, INC.,<br><br>　　　　Defendant. | Case No. 2:22-cv-07245-SB-AS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL [DKT. NO. 48] |

　　　Plaintiff Moises Serrano, individually and on behalf of others similarly situated, alleges Defendant Open Road Delivery Holding, Inc., d/b/a Amuse violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, when it sent messages to individuals who opted out of receiving such messages.  Plaintiff now moves for preliminary approval of this class action settlement.  Dkt. No. 48.  The court held a hearing on August 11, 2023, and grants the motion.

I.

　　　On October 4, 2022, Plaintiff sued Defendant alleging four violations of the TCPA.  Dkt. No. 1.  After Plaintiff amended his complaint, Defendant moved to dismiss in part the First Amended Complaint.  Dkt. No. 30.  In his opposition, Plaintiff acknowledged that Ninth Circuit precedent foreclosed the first two causes of action.  Dkt. No. 33.  Before the hearing on Defendant's motion to dismiss, Plaintiff informed the Court that the parties had reached a settlement.  Dkt. No. 40.  The Court vacated the motion hearing and set a deadline for the filing of a motion

1

for preliminary approval of the parties' settlement.[1]  Dkt. No. 41.  This motion followed.

The terms of the proposed settlement agreement are set forth in the Settlement Agreement and Release.  Dkt. No. 48-1 (Friedman Decl.), Ex. A.  Defendant agrees to create a settlement fund of $400,000.  Id. ¶ 4.1.  Class members will receive a pro rata share of the fund based on the number of text messages Defendant improperly sent to them.  Id. ¶ 5.  Class members do not need to submit a claim form to receive payment.  Id.  The claims administrator will distribute attorneys' fees and costs, a service award to Plaintiff, and administration costs from the settlement fund.  Id. ¶ 4.2.  In exchange for payment, class members who do not opt out will release Defendant from liability for all calls and messages sent by Defendant and/or its agents to the proposed class from October 3, 2018, to April 12, 2023.  Id. ¶¶ 16.1, 16.2.  The class members further agree to waive their rights under California Civil Code § 1542.  Id.

## II.

No class has been certified.  The proposed settlement class consists of all persons who received a message from Defendant through a texting platform, known as the Happy Cabbage Platform, after having revoked consent.  Dkt. No. 48 at 14.  The parties propose that the settlement class be defined as:

> All persons in the United States whose phone number appears on the unsub sms master.csv provided in discovery, and who thereafter received a text message from the Happy Cabbage Platform, as delineated in the call logs provided in discovery, between October 3, 2018 to April 12, 2023.

Friedman Decl. ¶ 2.1.

To be certified, a class must satisfy the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and must also meet the requirements of one of the three types of class actions specified in Rule 23(b).  In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019).  The criteria, however, are applied differently depending on whether the class is being certified for litigation or settlement.  Id.  Specifically, manageability

---

[1] In light of the parties' preliminary settlement, the court denies as moot Defendant's motion to dismiss.  Dkt. No. 30.  The dismissal is without prejudice in the event that the Court declines final approval of the settlement.

at trial under Rule 23(b)(3) is not a concern when the class is proposed for only settlement purposes. *Id.* at 556–57. But the Court must give heightened attention to protecting the interest of absent class members, *id.* at 557, and rigorously analyze whether Rule 23 is satisfied, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011).

The Court finds that all requirements of Rule 23(a) have been satisfied. First, the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability does not require impossibility, rather, it requires only difficulty or inconvenience in joining all class members. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964). Here, the proposed class contains approximately 1,770 members, and thus meets this requirement. *See A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 837 (9th Cir. 2022) (finding joinder of over 300 persons to be impracticable).

The second requirement is similarly met as there are common questions of law and fact applicable to the proposed class. Fed. R. Civ. P. 23(a)(2). Commonality requires that the claims depend upon a "common contention . . . of such a nature that it is capable of classwide resolution." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020). "Even a single common question of law or fact that resolves a central issue will be sufficient to satisfy this mandatory requirement for all class actions." *Id.* Here, the claims of all class members are based on the allegations that Defendant willfully and/or knowingly violated the TCPA by sending text messages through an auto-dialer after class members opted out of receiving such messages. Dkt. No. 24 at 18–20; Dkt. No. 48 at 25.

The third requirement is satisfied because Plaintiff's claims are typical of the entire class. Fed. R. Civ. P. 23(a)(3); *Castillo*, 980 F.3d at 729. Typicality ensures that "the interest of the named representative aligns with the interest of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016). The claims need not be "substantially identical." *Id.* Here, Plaintiff's claims and those of absent class members are substantially identical. All were sent messages on their mobile phones by Defendant after they opted out of receiving additional messages. Dkt. 48 at 16.

And finally, the fourth requirement is satisfied because the representative plaintiff and counsel are able to "fairly and adequately" protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Courts evaluate whether this requirement is met through a two-part inquiry: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf

of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Shared interests and the absence of antagonism between the class representative and other proposed class members are factors that support an adequacy of representation finding. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Plaintiff and his counsel do not appear to have any conflicts of interest or antagonism with the proposed class members. And class counsel has substantial experience in consumer class actions. Friedman Decl. ¶¶ 49–55. The Court is also satisfied that Plaintiff vigorously prosecuted this action on behalf of the class. Plaintiff successfully opposed an arbitration motion, filed an opposition to a motion to dismiss, and engaged in targeted discovery that allowed for a meaningful discussion about reasonably resolving the case. Moreover, during mediation, Defendant provided to Plaintiff its financials which showed that Defendant would be unable to pay a higher amount. Dkt. No. 48 at 21. Consequently, the proposed settlement class satisfies the requirements for Rule 23(a).

The Court also finds that Rule 23(b)(3) has been satisfied. Rule 23(b)(3) requires that a plaintiff "demonstrate the superiority of maintaining a class action and show that the questions of law or fact common to class members predominate over any questions affecting only individual members." *Castillo*, 980 F.3d at 730. The proposed class consists of members with substantially identical legal claims: each proposed class member received messages from Defendant despite having revoked their consent to being sent such messages. Dkt. No. 48 at 18. Adjudication of Defendant's liability to all class members therefore involves substantially identical proof. And although the amount of damages incurred by each member may vary, this possibility does not undermine the predominance of the questions of liability based on the facts of this case. *See Castillo*, 980 F.3d at 732 ("Individual differences in calculating the amount of damages will not defeat class certification where common issues otherwise predominate."). Thus, Plaintiff satisfies the predominance requirement of Rule 23(b)(3). Accordingly, the Court finds that Rule 23(a) and (b)(3) have been satisfied and preliminarily certifies the proposed class for settlement purposes.

III.

Class actions may only be settled with court approval. Fed. R. Civ. P. 23(e). There is a "strong judicial policy" favoring settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see Briseno v. Henderson*, 998 F.3d 1014, 1031 (9th Cir. 2021) (declining "to revisit that policy"). As such, the Court's role is limited to determining whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). Preliminary approval is appropriate where the settlement "appears to be the product of serious, informed,

non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).

First, the settlement "appears to be the product of serious, informed, non-collusive negotiations." *Id.* The parties retained a private mediator—a former chief magistrate judge of the Central District of California—to assist them in reaching resolution. *See* Dkt. No. 48 at 22–23. This mediation followed targeted discovery in which Plaintiff received and analyzed data about calls and messages sent by Defendant to members of the class. Friedman Decl. ¶ 7. The parties also considered the relative strengths and weaknesses of their respective positions. Dkt. No. 48 at 21–22. The Court has no reason to doubt that the settlement was the product of informed, arm's-length negotiations, which weighs "in favor of a finding of non-collusiveness." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011).

Second, the settlement has no obvious fatal deficiencies. At the hearing, the Court had several questions that were satisfactorily addressed for now. Class counsel confirmed that costs and fees, including the claims administrator costs, may be modified by the Court when considering whether to finally approve the settlement without disturbing the settlement agreement. In addition, Defendant's counsel agreed to provide a declaration from a suitable client representative confirming the accuracy of the information provided to class counsel about the scope of affected class members who purportedly received text messages after requesting that they not be contacted. The declaration shall provide sufficient detail to allow for meaningful review and shall be filed along with the motion for final approval of the class settlement. Other areas of concern were identified on the record and adequately addressed as well.

Third, the settlement does not grant preferential treatment to the class representative or to any particular segment of the class. As stated, the claims administrator will distribute damages to each class member on a pro rata basis as to the percentage of calls or messages received as part of the whole. Friedman Decl., Ex. A ¶ 5. Plaintiff's service payment does not alter the Court's opinion because such payments are commonplace and generally accepted. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive *awards* are fairly

typical in class action case."). The Court notes, however, that the service payment will be reviewed further at the final approval stage.

And fourth, the settlement falls within the range of possible approval. Under the proposed terms, Defendant is required to place $400,000 in an escrow account. From that sum, Plaintiff's counsel will obtain 25%, or $100,000 in fees, Friedman Decl., at Ex. A at ¶ 6, which is the benchmark for class counsel in consumer class actions, *see In re Hyundai*, 926 F.3d at 570, and up to an additional $10,000 in costs, Friedman Decl., Ex. A ¶ 6. The claims administrator may recoup up to $65,000 in costs from the settlement fund. *Id*. Ex. A ¶ 8.4. Finally, Plaintiff is to receive a service award not to exceed $10,000. *Id*. Ex. A ¶ 7. The amount remaining in the settlement fund, assuming the maximum possible deduction, would be $215,000. The proposed settlement class is approximately 1,770 individuals, *id*. ¶ 31, resulting in a payment of approximately $120 to each class member. Although Defendant could be liable for up to $1,500 for each knowing and/or willful violation of the TCPA, this settlement appears to be fair based on the relevant strengths and weaknesses of the claims and their respective defenses as analyzed by the parties. *See* Dkt. No. 48 at 21–22. Moreover, Defendant's financials show that a higher payment would likely lead to insolvency. *Id*. at 21. Requiring a higher payment, or engaging in protracted litigation, would therefore be detrimental to all parties. *See Sandoval v. AB Landscaping, Inc.*, No. C09-04969, 2012 WL 4466585, at *6–7 (N.D. Cal. Sept. 26, 2012) (considering defendant's solvency for final approval of a class settlement).

The Court finds that the settlement amount satisfies Rule 23(e) for the purpose of preliminary approval. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding a settlement amounting to "only a fraction of the potential recovery" was fair "given the difficulties in proving the case").

IV.

Finally, Rule 23(e) requires notice of the settlement to the class to comport with due process. And Rule 23(b)(3) requires that class member be afforded the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Actual notice is not required under Rule 23(c)(2)(B). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

Notice will be provided by (1) mail; (2) a website; and (3) a toll-free call center. Defendant has the phone numbers of all class members and the addresses of many class members and will produce a list with that information to the claims

administrator no later than 10 days following the preliminary approval of the settlement. Friedman Decl., Ex. A ¶¶ 9.1–9.1.4. For those class members with only a known telephone number, the claims administrator will perform a reverse telephone number lookup to obtain their address. Friedman Decl., Ex. A ¶¶ 9.1–9.1.4. As represented by class counsel on the record, the claims administrator will then update all addresses through the National Change of Address database. Id.

Within 30 days of preliminary approval, the claims administrator will send out notice by first class mail using the updated postcard submitted to the Court as revised in the attached footnote.[2] Id; Dkt. No. 49. The claims administrator will also create a settlement website and provide a toll-free number so that class members can learn more about the settlement, opting out of the settlement, and submitting a claim. Friedman Decl., Ex. A ¶¶ 9.2, 9.3. The Court finds that this notice satisfies the "best practicable" requirement of Rule 23(c)(2)(B). See Stevens v. Quicksilver, Inc., No. SACV 15-00516 JVS (JCGx), 2016 WL 11746004, at *7 (C.D. Cal. Dec. 19, 2016) (approving of similar notice).

Rule 23(c)(2)(B) further requires that the notice clearly and concisely state:

> "(1) the nature of the action; (2) the definition of the certified class; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3)."

Fed. R. Civ. P. 23(c)(2)(B). The proposed notices contain the required information. Friedman Decl., Ex C. The Court is satisfied that this comports with the notice requirements of Rule 23(c).

---

[2] The penultimate paragraph should be revised to read: "If you wish to remain part of the settlement but object to some portion of the settlement agreement, you must write to the Court and explain why you do not like the settlement."

V.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for preliminary approval of the class action settlement as follows:

1. The following proposed settlement class is preliminarily certified:

   All persons in the United States whose phone number appears on the unsub sms master.csv provided in discovery, and who thereafter received a text message from the Happy Cabbage Platform, as delineated in the call logs provided in discovery, between October 3, 2018 to April 12, 2023.

2. The Settlement Agreement, Friedman Decl., Ex. A, is preliminarily approved.

3. The form and content of and plan to disseminate the proposed class notice by mail, website, and toll-free call center, Friedman Decl., Exs. B & C, is approved.

4. Postlethwaite & Netterville is appointed as the claims administrator.

5. The Court sets the following schedule for notice, motions, and a hearing on settlement:

| Event | Deadline |
|---|---|
| Submit CAFA Notices | August 18, 2023 |
| Provide Notice to Class | September 20, 2023 |
| Class Counsel to File Motion for Fees and Costs | September 20, 2023 |
| Class Members to File Objections or Opt Out | November 3, 2023 |
| Class Counsel to File Motion for Final Approval | November 10, 2023 |
| Fairness Hearing | December 1, 2023 |

Date: August 11, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge