JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES SERRANO,<br><br>    Plaintiff,<br><br>v.<br><br>OPEN ROAD DELIVERY HOLDINGS, INC.,<br><br>    Defendant. | Case No. 2:22-cv-07245-SB-AS<br><br>FINAL JUDGMENT |

    The Court, having considered Plaintiff's unopposed Motion for Final Approval of the Class Settlement in the above-captioned action between Plaintiff Moises Serrano (Plaintiff) and Open Road Delivery Holdings, Inc., doing business as Amuse (Defendant), the Settlement Agreement and Release dated June 1, 2023 (the Settlement Agreement and Release), having considered all of the objections and comments received regarding the proposed settlement, the record in the above captioned action (the Serrano Action), and the submissions and arguments presented by counsel, and having held a fairness hearing on December 1, 2023, finds that:

    Unless defined herein, for purposes of this Final Judgment all capitalized terms in this final judgment shall have the same meanings as set forth in the Settlement Agreement and Release.

    The Court has jurisdiction over the subject matter of the Serrano Action, Plaintiff, the Class Members, and Defendant.

    On August 11, 2023, this Court preliminarily approved the settlement as to the Class conditionally certified in connection with the settlement of this action, consisting of:

All persons in the United States whose phone number appears on the unsub sms master.csv provided in discovery, and who thereafter received a text message from the Happy Cabbage Platform, as delineated in the call logs provided in discovery, between October 3, 2018 to April 12, 2023.

The notice given to the Class Members constituted adequate notice under the circumstances, and fully complied with the requirements of due process and of all applicable statutes and laws.

Defendant properly and timely served notice of the Parties' Settlement Agreement and Release as required under the Class Action Fairness Act, 28 U.S.C. § 1715, upon all persons entitled to such notice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

The Settlement Agreement and Release is finally approved as fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Class.  Accordingly, the Court directs the Parties and their counsel to implement and consummate the Settlement Agreement and Release in accordance with its terms and conditions.

Defendant and Plaintiff are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement and Release, which is incorporated by reference herein.

Judgment is hereby entered whereby Named Plaintiff and all Settlement Class Members shall take nothing from Defendant except as expressly set forth in the Settlement Agreement and the Final Approval Order.  This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Complaint.

The Releasing Parties release and discharge the Released Parties from the Released Claims, as set forth in the Settlement Agreement and Release.

Because there were no opt outs from the Settlement, each Settlement Class Member has released and is hereby permanently barred from filing or prosecuting any of the Settlement Class Members' Released Claims against the Defendant.

The following monetary relief is hereby ordered pursuant to the terms of the Settlement Agreement and Release:

Within thirty (30) days after the Effective Date, provided that Defendant has been provided with a Form W-9 and payment instructions, Defendant shall tender Four Hundred Thousand and 00/100 Dollars ($400,000) to the Claims Administrator for deposit into a common settlement fund (the Settlement Fund) to be held by the Claims Administrator and used to pay/reimburse the following amounts pursuant to the specified terms of the Settlement Agreement and Release: (i) the costs and expense of notice and administration, as set forth in section 8.4; (ii) any Service Award to the Class Representatives, as set forth in section 7 and modified by the Court in the order granting final approval; (iii) attorneys' fees and costs, as set forth in section 6; and (iv) a distribution of the remainder to Class Members calculated by dividing the remainder by the total of text messages received by each Class Member as a proportion of all text received by the Class, as set forth in section 5.  In no event shall Defendant be required to pay more than $400,000 into the Settlement Fund.

The Court awards $5,000 to Plaintiff Serrano to be paid from the Settlement Fund as a Service Award for his role as a Class Representatives.

The Court awards to Class Counsel, as attorneys' fees and costs, $100,000, which is equal to 25% of the Settlement Fund, and the reimbursement of litigation expenses in the sum of $9,155.50.

The provisions of this Final Judgment are applicable to and binding upon and inure to the benefit of each party to the Serrano Action (including each of the Class Members and each of Defendant's successors and assigns).

To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be res judicata and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Plaintiff or any member of the Class or any others similarly situated in the United States with respect to the Released Claims based upon the same alleged facts at any time prior to the date of the Preliminary Approval Order.

The provisions of this Final Judgment are entered as a result of a voluntary agreement of the Parties.  The Settlement Agreement and Release and this Final Judgment are not intended to, and shall not be construed as any admission, express or implied, of any fault, liability or wrongdoing by Defendant, or any other party or

person, or of the accuracy of any of the allegations in the Complaint or Defendant's defenses.

Save and except as expressly set forth to the contrary in this Judgment and any judgment issued by this Court regarding Plaintiff's Counsel's fee application, Plaintiff and Plaintiff's Counsel shall take nothing by their claims and each party shall bear his or its own fees, costs, and expenses in connection with the Serrano Action.

Jurisdiction is retained by this Court for twenty-four (24) months following the Effective Date for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Final Judgment and Settlement Agreement and Release, for the modification of any of the provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof.

The Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

This is a Final Judgment.

Date: December 13, 2023

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge